IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHARLENE MEIER,

              Plaintiff,                            OPINION AND ORDER

v.                                                14-cv-828-wmc

PERKINS & MARIE CALLENDER'S LLC,

              Defendant.

---

In this civil action, plaintiff Charlene Meier alleges that she was injured as a result of the unreasonably dangerous condition of defendant Perkins & Marie Callender's LLC's property. (Compl. (dkt. #1).) Plaintiff alleges that this court may exercise its diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (*Id.* at ¶ 2.) Because the allegations in the complaint are insufficient to determine if this is so, plaintiff will be given an opportunity to file an amended complaint containing the necessary factual allegations to establish diversity jurisdiction.

OPINION

"Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'r, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted). Unless a complaint alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the case must be dismissed for want of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Because jurisdiction is limited, federal courts "have an

independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).  Further, the party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is present.  *Smart*, 562 F.3d at 802-03.

Here, plaintiff contends that diversity jurisdiction exists because (1) the amount in controversy exceeds $75,000 and (2) the parties are citizens of different states.  (Compl. (dkt. #1) ¶ 2.)  Curiously, despite her allegation that the parties are citizens of different states, plaintiff actually alleges that both she and defendant are citizens of Wisconsin. (*Id.* at ¶ 1.)  The court could, and perhaps should, take plaintiff's allegations at face value and dismiss her claim for lack of subject matter jurisdiction.  However, since plaintiff has failed to allege defendant's citizenship properly, the court will provide her another opportunity to establish diversity and, in turn, subject matter jurisdiction.

"The citizenship of an LLC is the citizenship of each of its members," yet plaintiff has not alleged the citizenship of defendant's members, making it impossible to determine whether complete diversity exists here.  *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007).  Instead, plaintiff sloppily alleges defendant is a "cooperation incorporated under and has its principal place of business in the laws of that States of Wisconsin." (Compl. (dkt. #1) ¶ 1.)  The court interprets this to mean plaintiff intended to allege that defendant is organized in the state of Wisconsin with its principal place of business also in Wisconsin.  As the Seventh Circuit has instructed, however, this information is wholly irrelevant in deciding the citizenship of a limited liability company.  *Hukic v. Aurora Loan Serv.*, 588 F.3d 420, 429 (7th Cir. 2009).

2

Before dismissing this action for lack of subject matter jurisdiction, plaintiff will be given leave to file within 14 days an amended complaint that establishes subject matter jurisdiction by alleging the names and citizenship of each member of the defendant LLC. In alleging the LLC's citizenship, plaintiff should be aware that if the member or members of the LLCs are themselves a limited liability company, partnership, or other similar entity, then the citizenship of those members and partners must also be alleged as well. *See Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be."). Plaintiff should also be aware that if *any* member of the LLC is a Wisconsin citizen, then this court lacks jurisdiction over the lawsuit and the case must be dismissed.

## ORDER

IT IS ORDERED that:

1) plaintiff shall have until December 19, 2014, to file and serve an amended complaint containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332; and

2) failure to amend timely shall result in prompt dismissal of this matter for lack of subject matter jurisdiction.

Entered this 5th day of December, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

3